# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RYAN FINCHER, ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | No. 08-00148-CV-W-FJG |
| ) | |
| ST. PAUL FIRE & MARINE ) | |
| INSURANCE COMPANY, et al. ) | |
|         Defendants. ) | |

## ORDER

Pending before the Court is Motion of Defendant St. Paul Fire & Marine Insurance Company to Dismiss Co-defendants as Fraudulently Joined (Doc. No. 5) and Plaintiff's Motion for Remand (Doc. No. 9). Each motion will be addressed below.

**I.    Background**

The present suit was removed to this Court from the Jackson County Circuit Court on February 29, 2008, by defendant St. Paul Fire & Marine Insurance Company ("St. Paul"), on February 29, 2008 (Doc. No. 1). Defendant removed this action based upon diversity jurisdiction. Plaintiff Ryan M. Fincher filed this action in state court on January 25, 2008[1] to enforce a $575,000 judgment. Plaintiff sued St. Paul, Unified Government of Wyandotte Company ("Unified Government"), and Carl E. Anderson ("Anderson"). The $575,000 state court judgment derived from a suit between plaintiff and defendant Anderson in which plaintiff had alleged that Anderson was negligent and caused him injuries arising out of a vehicle collision. On August 28, 2007, the Jackson County Circuit

---

[1] Defendant St. Paul was served on February 6, 2008. Thus, defendant's removal of this action was timely as it was filed 30 days after the defendant first received plaintiff's Petition.

Court entered a judgment in favor of plaintiff for $575,000 and against defendant Anderson. Plaintiff was an employee of Unified Government at the time of the injury and was covered under an insurance policy issued by St. Paul (insurer) which insured Unified Government (insured) and its employees. St. Paul, however, refused to pay the judgment. Thus, plaintiff filed this suit in state court for vexatious refusal against St. Paul, Unified Government, and Anderson to enforce the state court judgment.

Defendant then removed this action to federal court on February 29, 2008. Plaintiff filed a motion to remand the case and defendant filed a motion to dismiss Unified Government and Anderson on the basis of fraudulent joinder.

## II. Standard of Review

In <u>Filla v. Norfolk Southern Railway Company</u>, 336 F.3d 806 (8th Cir. 2003), the Court articulated the standard for determining whether a party has been fraudulently joined:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. [I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. . . .However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. . . . As we recently stated in <u>Wiles [v. Capitol Indemnity Corp.</u>, 280 F.3d 868, 871 (8th Cir. 2002)], joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants. . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

<u>Id</u>. at 810 (internal citations and quotations omitted).

In <u>Barnes v. Dolgencorp, Inc.</u>, No. 06-0632-CV-W-ODS, 2006 WL 2664443, 2006 U.S. Dist. LEXIS 68703 (W.D. Mo. Sept. 14, 2006), the Court stated:

> In conducting this inquiry, the Court must resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor, but the Court

2

Case 4:08-cv-00148-FJG   Document 16   Filed 06/02/08   Page 2 of 6

> has no responsibility to *definitively* settle the ambiguous question of state law. . . . Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant. . . . Where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.

Id. at *1 (internal citations and quotations omitted).

## III. Discussion

Plaintiff contends no diversity jurisdiction exists because there no diversity of citizenship between the parties. Plaintiff argues that for purposes of diversity jurisdiction, defendant Unified Government's citizenship and residency is imputed to St. Paul. Plaintiff is a resident of Kansas and defendant St. Paul is a resident of Minnesota. Defendant Unified Government is resident of Kansas and defendant Anderson is a resident of Missouri. The Court agrees with defendant St. Paul that the cases plaintiff relies on in support of its contention that Unified Government's citizenship is imputed to St. Paul are inapplicable. This is a vexatious refusal action brought pursuant to Mo. Rev. Stat. § 375.420. Plaintiff has not asserted any other claims against the defendants. However, the cases relied on by plaintiff deal with an equitable garnishment action under Mo. Rev. Stat. § 379.200. In Prendergast v. Alliance Gen. Ins. Co., 921 F. Supp. 653, 654 (E.D. Mo. 1996), the Court determined that since plaintiffs' action was a direct action against the insurance company under § 379.200, which has been interpreted to require that the insured be joined in the action, defendant insurance company's citizenship was that of its insured. Because defendant's insured was a Missouri resident, the court concluded that the defendant insurance company was also a Missouri resident and could not remove the

3

action. Id. The court even rejected the cases that defendant cited to in that case in support of removal because those cases dealt "with claims against insurance companies for their own actions, such as vexatious refusal to pay, and not...mere attempts to collect directly for covered losses caused by the insureds." Id. at 655. However, in this matter, Section § 375.420 does not require joinder of the insured, Unified Government. Further, plaintiff secured a judgment against defendant Anderson and did not secure a judgment against the insured, Unified Government. Thus, plaintiff's motion to remand is hereby **DENIED** (Doc. No. 9).

The remaining issue left for the Court to determine is the fraudulent joinder issue. Defendant argues that the petition asserts no cause of action against Anderson and Unified Government; thus these co-defendants are fraudulently joined. Defendant notes that Anderson was not a party to the insurance contract and plaintiff has already secured a judgment against Anderson and plaintiff should be precluded from pursuing further litigation with Anderson involving claims arising out of the accident. Defendant also claims that plaintiff can sue St. Paul without involvement of its insured, Unified Government. Further, defendant asserts that since plaintiff's only cause of action against Unified Government would be worker's compensation, plaintiff has no other claim against Unified Government arising out of the insurance contract, which is the subject of this case.

Plaintiff responds that Unified Government and Anderson are indispensable parties to this litigation under Fed. R. Civ. P. 19(a).

The Court finds that defendants Unified Government and Anderson are fraudulently joined. An action under § 375.420 dealing with vexatious refusal is an action "against any insurance company to recover the amount of any loss under a policy...if it appears from the

4

evidence that such company has refused to pay such loss without reasonable cause or excuse." The language of the statute does not allow plaintiff to sue Anderson, the individual that plaintiff secured a judgment against. Further, there is no requirement under Missouri's vexatious refusal statute that the insured, Unified Government, must be joined. Notably, Unified Government was not even a party to the state court action; thus no judgment was entered against this defendant. Whether St. Paul has refused to pay for a loss covered under the insurance policy at issue in violation of § 375.420 does not require the involvement of co-defendants Unified Government and Anderson. Anderson is not even a party to the insurance policy and Unified Government is only the insured. Thus, the Court can find no relief that plaintiff can seek from co-defendants Unified Government and Anderson under § 375.420, which is plaintiff's only claim for relief in his Petition.

Additionally, the Court disagrees with plaintiff's assertion that these parties are indispensable to this action. Fed. R. Civ. P. 19(a)(1) states:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if: (A) in the person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave an existing party subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

The Court finds that complete relief can be granted without Unified Government or Anderson as this case involves the wrongdoing on the part of St. Paul not the other co-defendants. Further, none of the parties will be subjected to multiple litigation or inconsistent obligations. The suit against Anderson is final and judgment was entered by the Jackson County Circuit Court. Any decision by this Court will not affect the state court

5

judgment as the only issue before this Court is whether St. Paul violated § 375.420 by refusing to pay plaintiff.

Therefore, the Court hereby **GRANTS** defendant St. Paul's motion to dismiss co-defendants as fraudulently joined (Doc. No. 5).

## IV. Conclusion

Accordingly, for the foregoing reasons, plaintiff's motion to remand (Doc. No. 9) is **DENIED** and Motion of Defendant St. Paul Fire & Marine Insurance Company to Dismiss Co-defendants as Fraudulently Joined (Doc. No. 5) is **GRANTED**.

**IT IS SO ORDERED.**

Date:  6/2/08  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge